MILLER, Appellant,

v.

CITY OF LIMA et al., Appellees.

[Cite as *Miller v. Lima* (1990), 67 Ohio App.3d 434.]

Court of Appeals of Ohio,
Allen County.

No. 1–88–48.

Decided April 19, 1990.

*Sherri L. Miller, pro se.*

*Scott L. Morris,* for appellees city of Lima and C.E. Burkhart.

*Robert K. Leonard,* for appellees United Telephone Co. and Thomas Winegardner.

*Steven L. Diller,* for appellee Sharon Brown.

*Anthony L. Geiger,* for appellee, Julie Lee.

---

SHAW, Presiding Judge.

Plaintiff, Sherri Miller, appeals from a judgment entered in the Court of Common Pleas of Allen County dismissing her complaint for failure to prosecute, pursuant to C.P.Sup.R. 6. Named as party defendants in the instant complaint are the city of Lima, former city of Lima police detective Cliff Burkhart, plaintiff's former employer United Telephone Company, and plaintiff's former co-workers, Thomas Winegardner, Julie Lee and Sharon Brown. The complaint alleges that defendants are liable to plaintiff for malicious prosecution, false arrest, slander and wrongful termination.

Although not germane to our disposition of this appeal, we deem it appropriate to briefly recite the procedural history of this litigation. First, we note that the complaint in the case before us names the identical party defendants

and sets forth the identical claims for malicious prosecution, false arrest, slander and wrongful termination as made in a complaint filed by plaintiff in 1981. In the previous litigation, the city of Lima was dismissed as a party to the action and no appeal was taken from that order of dismissal. Cliff Burkhart and Sharon Brown were granted summary judgment on all claims asserted against them; Julie Lee was granted summary judgment on all claims except for the count alleging slander.

On appeal from the granting of defendants' motion for summary judgment, this court reversed the decision of the trial court granting summary judgment to Burkhart as to the malicious prosecution count. We affirmed the order granting summary judgment in favor of defendants in all other respects. See *Miller v. Lima* (Aug. 23, 1985), Allen App. No. 1–83–57, unreported, 1985 WL 7885. Subsequently, on remand, the trial court, upon plaintiff's motion, dismissed the remaining counts of the complaint against Burkhart, Lee, United Telephone and Thomas Winegardner without prejudice.

Considering these facts, it is not readily apparent why plaintiff filed the instant suit setting forth claims against the city of Lima, Cliff Burkhart, Julie Lee and Sharon Brown that previously had been adjudicated. Nevertheless, plaintiff filed the instant complaint in May 1986. All defendants answered the complaint. In addition, Julie Lee asserted a counterclaim against plaintiff.

On June 6, 1986, Sharon Brown moved for summary judgment asserting *res judicata* based upon the previous litigation. Subsequently, on June 11, 1986, Brown moved for attorney fees. Plaintiff moved for an extension of time (twenty-one days) to respond to Brown's motion for summary judgment and to file an answer to Lee's counterclaim. Plaintiff's motions were granted and she was given until July 10, 1986 to file her responses.

On July 10, 1986 plaintiff filed a response to Brown's motion for attorney fees, as well as an answer to Lee's counterclaim. However, plaintiff did not respond to Brown's motion for summary judgment. On the same date, the city of Lima and Burkhart moved for judgment on the pleadings as to all claims against the city and for the previously litigated claims of slander and false arrest against Burkhart.

Subsequently, on July 16, 1986, plaintiff's counsel filed a notice in the trial court advising the court that she had filed an affidavit of bias and prejudice against the trial judge with the Supreme Court of Ohio. As would be appropriate, had an affidavit of bias been filed in the Supreme Court, the trial court in this instance took no further action in the case, ostensibly pending a ruling on the affidavit. Finally, fourteen months later, in the absence of any verification from the Supreme Court that an affidavit of bias had been filed in the matter, the trial court on September 22, 1987, entered an order granting

plaintiff leave, until October 13, 1987, to file a response to defendants' motions for summary judgment and judgment on the pleadings.

Plaintiff did not respond to the order of the trial court and nine months later, on June 17, 1988, the trial court entered a "Notice of Dismissal Pursuant to Superintendence Rule 6," for failure to prosecute. On the same date, the trial court granted Brown's motion for summary judgment and the city of Lima and Burkhart's motion for judgment on the pleadings.

On July 11, 1988, plaintiff responded to the trial court's notice to dismiss. Plaintiff's response states that "to date, no rulings on a pending affidavit of prejudice has been forthcoming to counsel." The response further states that "due to the apparent lack of response from the Courts in this matter, the case has continued to remain in a limbo condition."

Subsequently, on August 8, 1988, the trial court entered judgment dismissing the remaining counts of the complaint against Cliff Burkhart, Julie Lee, Thomas Winegardner and United Telephone for lack of prosecution. The judgment entry dismissing the case states that verification of the filing or resolution of the affidavit of bias was never provided to the trial court by the Supreme Court of Ohio.

Plaintiff assigns three errors to the judgment of dismissal which she argues together. Plaintiff contends that: (1) the procedural history of the case does not support the conclusion that she failed to prosecute the action; (2) the notice of dismissal given by the trial court was inadequate; and (3) the dismissal was an abuse of discretion.

C.P.Sup.R. 6 provides in relevant part that:

"Each judge of a court of common pleas shall review, or cause to be reviewed quarterly, all cases assigned to him. Cases which have been on the docket for six months without any proceedings taken therein, except cases awaiting trial assignment, shall be dismissed, after notice to counsel of record, for want of prosecution, unless good cause be shown to the contrary."

We first find that, contrary to plaintiff's assertion, the procedural history of the instant complaint does in fact support the conclusion that she failed to prosecute the case within the meaning of C.P.Sup.R. 6. Accordingly, plaintiff's first assignment of error is not well taken.

Moreover, we find that the notice given by the trial court of the imminent dismissal of the action was sufficient. The caption of the trial court's notice cites C.P.Sup.R. 6 which was adequate to notify plaintiff that failure to prosecute was the basis of the notice. Furthermore, within the time period granted under the notice, plaintiff filed a response which was addressed to the issue of why the matter should not be dismissed for failure to

prosecute. Under these circumstances, we find that the notice to dismiss was adequate. Accordingly, plaintiff's second assignment of error is not well taken.

■ Plaintiff's response to the notice to dismiss cited the pendency of the affidavit of bias in the Supreme Court of Ohio as the reason the matter should have been allowed to remain on the trial court's docket. However, the record initially before this court lacked any evidence that such an affidavit had in fact been filed in the Supreme Court or was pending in that court at the time the trial court gave its notice of dismissal. Consequently, we specially remanded the matter to the trial court for an evidentiary hearing to confirm whether or not an affidavit of bias and prejudice was filed and/or resolved in the Supreme Court of Ohio in this case.

On remand, it was established that no affidavit of bias and prejudice had either been filed in the case or was pending in the Supreme Court at the time the suit was dismissed. In consideration of the facts established on remand, we find that, because plaintiff's response to the notice to dismiss did not show "good cause" as to why the action should remain on the trial court's docket, the trial court did not abuse its discretion in dismissing the action. Accordingly, the third assignment of error is not well taken and the judgment of the trial court is affirmed.

*Judgment affirmed.*

EVANS and MILLER, JJ., concur.